# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| LAURA ANN FITZGERALD, | ) |
|                Plaintiff, | ) |
| v. | )    1:13-CV-45 |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social<br>Security,[1] | ) |
|                Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

Plaintiff Laura Ann Fitzgerald brought this action to obtain judicial review of a final decision of the defendant, the Commissioner of Social Security, denying her claims for Disability Insurance Benefits and Supplemental Security Income. The parties have filed cross-motions for judgment, and the administrative record has been certified to the Court for review. The Court will grant the Commissioner's motion and affirm the ALJ's decision.

## I. PROCEDURAL HISTORY

Ms. Fitzgerald filed her applications for benefits in October 2009, alleging a disability onset date of August 20, 2008. (Tr. at 150-55.)[2] Her applications were denied initially (Tr. at 74, 75, 78-82) and upon reconsideration (Tr. at 76, 77, 86-93, 94-103). Thereafter, she requested a

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Ms. Colvin is substituted for Michael J. Astrue as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Transcript citations refer to the Administrative Transcript of Record filed manually with the Commissioner's Answer [Doc. # 7].

hearing de novo before an Administrative Law Judge ("ALJ"). (Tr. at 104.) After a hearing, the ALJ determined that Ms. Fitzgerald was not disabled within the meaning of the Act. (Tr. at 7-20.) The Appeals Council denied Ms. Fitzgerald's request for review, making the ALJ's decision final for purposes of judicial review. (Tr. at 1-5.)

## II. LEGAL STANDARD

Federal law "authorizes judicial review of the Social Security Commissioner's denial of social security benefits." *Hines v. Barnhart*, 453 F.3d 559, 561 (4th Cir. 2006). The scope of the court's review of this administrative decision is "extremely limited." *Frady v. Harris*, 646 F.2d 143, 144 (4th Cir. 1981). "[A] reviewing court must uphold the factual findings of the ALJ [underlying the denial of benefits] if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal brackets marks omitted). The issue before this Court "is not whether [the claimant] is disabled, but whether the ALJ's finding that [the claimant] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

## III. THE ALJ'S DECISION

The ALJ applied the well-established five-step process to evaluate Ms. Fitzgerald's applications. *See Hancock*, 667 F.3d at 472. The ALJ found at step one that Ms. Fitzgerald had not engaged in "substantial gainful activity" since her alleged onset date. At step two, the ALJ determined that Ms. Fitzgerald suffered from multiple severe impairments: diabetes, chronic pancreatitis, thyroid disorder, bipolar disorder, generalized anxiety disorder, post-traumatic stress disorder ("PTSD"), major depression, attention deficit disorder ("ADD"), mood disorder and a

history of substance abuse. (Tr. at 14.) The ALJ found at step three that none of these impairments met or equaled a disability listing. (Tr. at 14-15.) After assessing Ms. Fitzgerald's residual functional capacity ("RFC"), the ALJ determined that she could perform light work involving simple, routine and repetitive tasks and only occasional interaction with the general public (Tr. at 16) and that she could return to her previous work as an office helper. (Tr. at 18-19.) Alternatively, the ALJ found that other jobs existed in significant numbers in the national economy that Ms. Fitzgerald could perform. (Tr. at 19-20.) Accordingly, the ALJ determined that Ms. Fitzgerald was not "disabled" as defined by the Act. (Tr. at 20.)

**IV. CONTENTIONS**

Ms. Fitzgerald makes several arguments on judicial review. First, Ms. Fitzgerald contends that the ALJ failed to consider the opinion of a treating physician, Dr. Gregory H. Wlodarski. (Pl.'s Br. [Doc. # 11] at 4-5.) Second, Ms. Fitzgerald claims the ALJ failed to mention, much less assess, the weight given to Ms. Fitzgerald's mother's testimony. (*Id.* at 5-6.) Finally, she asserts that the ALJ's credibility assessment is not supported by substantial evidence. (*Id.* at 6-11.) The Commissioner contends that the ALJ considered all the evidence and that substantial evidence supports the ALJ's determination that Ms. Fitzgerald was not disabled.

**V. DISCUSSION**

    A.    Opinion Evidence

Ms. Fitzgerald first argues that the ALJ "completely ignored the opinion of Dr. Wlodarski that Ms. Fitzgerald was disabled due to her multiple impairments." (Pl.'s Br. [Doc. # 11] at 5.) In particular, Ms. Fitzgerald points to a notation in Dr. Wlodarski's April 26, 2010, treatment record which states as follows:

3

> SUBJECTIVE
>
> . . .
>
> ADHD: Comment: parents in with [patient] to support her case for disability *as [patient] is too easily discardable [sic][3] and emotionally unstable to care for her illnesses let alone work*; indeed she comes to each [appointment] unprepared and use of insulin and taking meals is certainly erratic and sub optimal.

(Tr. at 461) (emphasis added). Ms. Fitzgerald concedes that this alleged opinion does not go into great detail about the functional limitations caused by her impairments, but asserts that even a conclusory opinion is entitled to the ALJ's consideration.

The context of this note, however, makes it clear that Dr. Wlodarski was not offering an opinion that Ms. Fitzgerald was "too [distractible] and emotionally unstable . . .to work;" rather by its own terms he was repeating the subjective concerns of Ms. Fitzgerald's parents. A doctor's statement that merely reflects the subjective opinions of others does not constitute a medical opinion requiring the ALJ's evaluation. *See e.g., Mitchell v. Comm'r of Soc. Sec.*, 330 Fed. App'x 563, 569-70 (6th Cir. 2009) (finding doctor's statement that claimant was disabled based upon concerns of claimant's wife "the mere regurgitation of third-party statements concerning a claimant's alleged symptoms" which did not amount to a medical opinion); *Moxley v. Colvin*, No. 1:13CV460, 2014 WL 2167878, at *5 (M.D.N.C. May 23, 2014) (unpublished) (Schroeder, J.) (finding treatment notes reporting claimant's subjective symptoms not medical opinions requiring ALJ consideration). And, of course, opinions that a claimant is disabled or unable to work

---

[3] The Court assumes from the context that the word intended here was "distractible" rather than "discardable."

involve the ultimate issue of disability, which is reserved for the Commissioner. *See* 20 C.F.R. §§ 404.1527(e), 416.927(e).

The statement that Ms. Fitzgerald "comes to each [appointment] unprepared and use of insulin and taking meals is certainly erratic and sub optimal," (Tr. at 461), appears much more likely to be a statement by Dr. Wlodarski, both by its terms and upon review of other medical records from Dr. Wlodarski; it seems clear that Dr. Wlodarski did from time to time use the "Subjective" field to write down his own comments and to document some of the discussions he had with Ms. Fitzgerald. But that factual observation is a far cry from opinion testimony which the ALJ must consider. In any event, these comments are consistent with the ALJ's findings, as the ALJ noted that Ms. Fitzgerald was not compliant with her medical care requirements. (Tr. at 17.) In sum, the Court finds no error in the ALJ's failure to discuss Dr. Wlodarski's April 26, 2010, statement.

Ms. Fitzgerald next asserts that the ALJ erred in failing to discuss or weigh the opinion of Ms. Fitzgerald's mother, Kathleen White, who testified that she "subsidized her daughter's work" as an office helper for the family business and that Ms. Fitzgerald could not focus on simple tasks, often got distracted, did not follow directions correctly, was not logical, and would often jump from one task to another. (Pl.'s Br. [Doc. # 11] at 5, citing Tr. at 58-59, 60-61, 62.)

While it is true that the ALJ's decision does not mention Ms. White's testimony specifically about Ms. Fitzgerald's work as an office assistant, the ALJ did discuss other aspects of Ms. White's testimony and provided a fair summary of her testimony. (Tr. at 17.) The ALJ also noted that she had carefully considered the "entire record." (Tr. at 16; *see also* Tr. at 17.) An ALJ is not required to discuss every sentence of a witness's testimony so long as it is clear she

5

considered the relevant evidence and then creates an "accurate and logical bridge" between the evidence and her conclusions. *See Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000); *see also Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998); *Diaz v. Chater*, 55 F.3d 300, 308 (7th Cir. 1995). That was done here.

    B.    Credibility

Ms. Fitzgerald contends that the ALJ's reasons for discounting her credibility are not supported by the record. Specifically, Ms. Fitzgerald claims that, in finding her not fully credible, the ALJ incorrectly concluded that (1) her diabetes and thyroid symptoms were treated conservatively; (2) treatment for her pancreatitis was sporadic and conservative; (3) symptoms from her mental impairments were only moderate when Ms. Fitzgerald was compliant with treatment; and (4) Ms. Fitzgerald engaged in a wide array of daily activities that were inconsistent with a complete inability to work.

To the extent Ms. Fitzgerald contends that an ALJ should not be able to find a claimant not credible merely because the claimant's medical treatment was conservative, the Court agrees with that principle but finds it inapplicable to this case. For many serious health conditions, conservative treatment is appropriate, and there is no evidence in this case that more invasive (or "non-conservative") treatment would have been helpful. *See Viverette v. Astrue*, No. 5:07–cv–395–FL, 2008 WL 5087419, at *2 (E.D.N.C. Nov. 24, 2008) (unpublished) (holding that "[m]any potentially disabling conditions can be treated by routine and conservative treatment," and that the ALJ's characterization of a claimant's diabetes treatment as conservative "*alone* does not provide any insight into the severity of a given condition and may even belie the condition's seriousness.") (emphasis added).

6

But here, the ALJ noted that Ms. Fitzgerald was treated conservatively as part of finding that she had not been compliant with recommended conservative treatment for her diabetes and hypothyroidism. (Tr. at 17.) The non-compliance finding is not only accurate (*see* Tr. at 329, 418, 428, 455, 461, 541, 544, 545, 562, 605, 607, 609, 612, 616, 618), but is a permissible grounds on which to discount Ms. Fitzgerald's credibility. *Viverette*, 2008 WL 5087419, at *2 (finding no error in the ALJ's credibility analysis where, after noting the claimant's diabetes was treated conservatively, the ALJ considered plaintiff's lack of follow-through and compliance.) Similarly, as to Ms. Fitzgerald's pancreatitis, the ALJ noted that Ms. Fitzgerald's treatment was "conservative and sporadic," (Tr. at 17), so that it is clear the ALJ was discounting her credibility because of the sporadic nature of the treatment, not just its conservative nature. As conceded by Ms. Fitzgerald, the ALJ's finding that Ms. Fitzgerald sought only sporadic treatment for her pancreatitis finds substantial support in the record. (*See* Tr. at 270, 459, 609, 841-54.)[4]

Ms. Fitzgerald further contends that "[a]bsent affirmative evidence that [she] is malingering, the ALJ must provide specific 'clear and convincing' reasons for rejecting [her] testimony," citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). (Pl's Br. [Doc. # 11] at 7.) However, the Fourth Circuit has not adopted the "clear and convincing" standard utilized in *Lester* for evaluating subjective complaints and credibility. Instead, the standard for evaluating subjective complaints in the Fourth Circuit is set out in *Craig v. Chater*, 76 F.3d 585, 594-95 (4th

---

[4] Ms. Fitzgerald contends she was unable to afford further medical treatment related to her pancreatitis "due to her loss of insurance since she stopped working." (Pl.'s Br. [Doc. # 11] at 8.) The record, however, contains only one reference to an inability to pay for treatment in a May 16, 2011 treatment note, (Tr. at 842), and that same note includes a statement that the doctor indicated that he advised Ms. Fitzgerald of "options for obtaining financial assistance from the hospital as well as from the state government." (*Id.*) Ms. Fitzgerald provides no evidence and makes no argument that she attempted to pursue either option or that either was unsuccessful.

Cir. 1996). The ALJ's analysis comports with the standards set forth in *Craig* and she did not commit error in her assessment of Ms. Fitzgerald's credibility in connection with her diabetes and hypothyroidism.

To the extent Ms. Fitzgerald argues that the existing medical records demonstrate the severity of her pancreatitis, this argument misses the mark. The ALJ found that Ms. Fitzgerald suffered from severe pancreatitis at step two, (Tr. at 14), and Ms. Fitzgerald does not argue that her pancreatitis meets or equals the criteria of any listed impairment or provide the Court with any additional limitations that the ALJ should have included in the RFC based upon her pancreatitis.

Ms. Fitzgerald next contends that the ALJ incorrectly found that symptoms arising from Ms. Fitzgerald's mental impairments were only moderate during periods of compliance with treatment. While there is evidence both ways, it is the ALJ's duty to resolve those conflicts in the evidence, not this Court's duty. There is substantial evidence that her mental symptoms were not disabling. (Tr. at 701, 703, 273-289, 302-27, 502-537.)

Finally, Ms. Fitzgerald argues that the ALJ erred by failing to cite examples when he discounted her credibility because she could undertake a "wide array of daily activities that are inconsistent with a complete inability to work." (Tr. at 18.) While the ALJ did not provide specific examples as part of his credibility determination, the ALJ did provide such examples as part of the step three analysis. (Tr. at 15 (citing Exhibit 5F [a consultative examination by Dr. Scott T. Schell dated December 17, 2009] and hearing testimony).) Where an ALJ discusses evidence in one part of the decision, there is no requirement that she rehash such evidence at subsequent stages of her decision. *McCartney v. Apfel*, 28 F. App'x 277, 279-80 (4th Cir. 2002) (rejecting challenge to ALJ's finding and stating "that the ALJ need only review medical evidence

once in his decision"); *Kiernan v. Astrue*, No. 3:12CV459-HEH, 2013 WL 2323125, at *5 (E.D. Va. May 28, 2013) (unpublished) (observing that, "[w]here the ALJ analyzes a claimant's medical evidence in one part of his decision, there is no requirement that he rehash that discussion.")

## VI. CONCLUSION

The Court's duty is to determine if substantial evidence supports the ALJ's conclusion, not to "re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [Commissioner]." *Craig,* 76 F.3d at 589. Substantial evidence in the record supports the ALJ's decision and therefore it must be upheld.

**IT IS THEREFORE ORDERED** that the Commissioner's decision finding no disability is affirmed, that Plaintiff's Motion for Judgment on the Pleadings [Doc. # 10] is **DENIED**, that Defendant's Motion for Judgment on the Pleadings [Doc. # 13] is **GRANTED**. A judgment will be entered contemporaneously with this order.

This 6th day of August, 2014.

/s/
UNITED STATES DISTRICT JUDGE